**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leevon Donell WHITNEY, aka Leevon Danell Whitney, Defendant–Appellant.**

**No. 00–10584.**
**D.C. No. CR 99–00860–002–PHX–PGR.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Dec. 7, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM **

Defendant Leevon Donell Whitney appeals his conviction for aiding and abetting an armed bank robbery and aiding and abetting the use of a firearm in a crime of violence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### 1. The Prosecutor's Rebuttal Statement

 Whitney contends that reference in the prosecutor's rebuttal argument to Whitney's failure to provide an adequate alibi as evidence of his involvement in the crime violated his right to remain silent

during trial. Because Whitney's attorney did not object at trial to the prosecution's closing argument, a "plain error" standard of review applies. *United States v. Jones*, 84 F.3d 1206, 1211 (9th Cir.1996) (applying plain error standard when defendant failed to object to closing argument). Plain error is " 'highly prejudicial error affecting substantial rights, and is found only in exceptional circumstances.' " *Id.* (quoting *United States v. Williams*, 990 F.2d 507, 510, 511 (9th Cir.1993)).

We find no plain error here. The prosecutor's statements highlighted Whitney's failure to counter the inculpatory testimony of the government's witnesses. They did not rise to the level of comments on his failure to testify. *United States v. Mende*, 43 F.3d 1298, 1301 (9th Cir.1995) (a prosecutor "may properly comment upon the defendant's failure to present exculpatory evidence, as long as it is not phrased to call attention to defendant's own failure to testify" (internal quotation marks and citations omitted)).

### 2. Sufficiency of the Evidence.

 Whitney's challenge to the sufficiency of the evidence supporting his conviction also lacks merit. He argues that the government failed to prove his guilt beyond a reasonable doubt because the government's witnesses did not sufficiently link him to the crime. The evidence was sufficient to support his conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Ginn*, 87 F.3d 367, 369 (9th Cir.1996) (emphasis omitted) (internal quotation marks and citation omitted).

We have reviewed the record and find ample evidence to support Whitney's con-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

victions. Co-conspirator Brown testified to Whitney's participation in the planning and execution of the bank robbery. Mulqueen's eyewitness account of the appearance and actions of the driver of the bank robbers' car matches Whitney's appearance and Brown's account of Whitney's actions. Dannheim's testimony about Whitney's behavior before and after the robbery, and the letters Whitney sent to Dannheim seeking her cooperation in establishing a false alibi, are consistent with his participation in the crime. When viewed in the light most favorable to the government, this evidence was sufficient for the jury to have found the essential elements of each of the offenses at issue beyond a reasonable doubt. Accordingly, the judgment of conviction is

AFFIRMED.